Filed 10/22/14  Prokop v. Brown CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOHN PROKOP et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants and Respondents. | B247393<br><br>(Los Angeles County Super. Ct.<br> No. BS138805) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Luis Lavin, Judge.  Affirmed.

Krutcik & Georggin, James A. Krutcik, A. Nicholas Georggin, Alexandra Buechner, for Plaintiffs and Appellants.

Joan A. Markoff, Chief Counsel, David J. Neill, Deputy Chief Counsel, Jennifer M. Garten, Labor Relations Counsel, and David D. King, Labor Relations Counsel, for Defendants and Respondents.

_____

Supervisory engineers employed by the State of California brought this claim concerning pay raises on behalf of themselves and all persons similarly situated. In the trial court, plaintiffs argued they were entitled to a 10.1 percent pay raise from 2008 to the present, as initially allocated in the 2008 Budget Act, which the Department of Human Resources (CalHR) failed to pay in violation of the pay parity provisions of Government Code section 19826.[1] The court sustained the demurrers of defendant government officials and entered a judgment of dismissal. On appeal, plaintiffs have limited their claim to the contention that they are entitled to compensation appropriated and approved in the 2008 Budget Act. We hold the one-year statute of limitations contained in section 19815.8 bars plaintiffs' claims based on the 2008 Budget Act, and therefore, we affirm.

## FACTS[2]

Plaintiffs John Prokop, A. Samad Hamoud, Kelly Ann Holden, and Victor Zengler are employed by the California Department of Transportation in engineering positions with supervisory responsibilities. They are members of the employee organization Professional Engineers in California Government (PECG). Plaintiffs represent a class of 1,000 former and current engineering supervisors excluded from collective bargaining under the Ralph C. Dills Act (§ 3512 et seq.). Their salaries are paid from federal or special funds.

Plaintiffs are in civil service classifications designated S09, and supervisory positions in classifications designated U09 and E48. U09 includes rank-and-file

---

[1] All further statutory references are to the Government Code, unless otherwise stated.

[2] The facts are drawn from plaintiffs' amended petition, as well as documents of which the court and appellate court have taken judicial notice.

engineering and supervisory positions. Although they are in the same civil service classification, rank-and-file employees are covered by a collective bargaining agreement and supervisory employees have salaries set by defendants. For several years, engineering supervisors received the same raises as rank-and-file engineering employees.

The Department of Personal Administration (DPA) and Governor Schwarzenegger proposed funding in the 2008 Budget Act for salary increases of 10.1 percent for rank-and-file engineers and engineering supervisors. The California Legislature and Governor Schwarzenegger approved the 2008 Budget Act. The 2008 Budget Act provides in pertinent part, "The funds appropriated in this item are for compensation increases . . . of employees whose compensation, or portion thereof, is chargeable to special funds, to be allocated by executive order by the Department of Finance . . . in accordance with salary and benefit schedules established by the Department of Personnel Administration." (Assem. Bill No. 1781 (2007-2008 Reg. Sess.) § 2.)

Section 4.01, subdivision (b) of the 2008 Budget Act provides, "Notwithstanding any other provision of law, the Director of Finance shall reduce items of appropriation in this act to reflect savings achieved through reforms in employee compensation, subject to memoranda of understanding negotiated with collective bargaining units and ratified by the Legislature. These reductions shall apply to all agencies and departments whose employees are subject to collective bargaining agreements negotiated by the Department of Personnel Administration or are excluded employees as defined in Section 3527 of the Government Code." (Assem. Bill No. 1781 (2007-2008 Reg. Sess.) § 4.01, subd. (b).)

The 2008 Budget Act contains appropriations for the fiscal year beginning July 1, 2008, and ending June 30, 2009. Rank-and-file engineers in the U9 civil service classification received the pay raise of 10.1 percent as of July 2008. The engineering supervisors did not receive the pay raise. Certain supervisor positions have been earning less than the rank-and-file employees that they supervise.

On June 24, 2009, PECG filed a request with the DPA seeking salary adjustments for all supervisory engineering classifications, including plaintiffs, as approved in the 2008 Budget Act. PECG claimed the DPA violated the provisions of section 19826 to

3

pay like salaries for comparable work. PECG requested the DPA raise salaries or conduct a quasi-legislative hearing.

DPA ordered a hearing pursuant to section 19826. Beginning September 9, 2009, several days of hearings were held before Administrative Law Judge (ALJ) Karla Broussard-Boyd. On June 15, 2010, ALJ Broussard-Boyd sent a letter asking PECG to identify specific classifications for which it claimed like salaries. The declarations PECG submitted did not show a prima facie case of comparable duties and did not identify which salary ranges should be compared. If information was not received by July 31, 2010, the matter would be considered closed.

On January 24, 2011, ALJ Broussard-Boyd wrote a letter to PECG reiterating that no information had been received on 46 of the 102 claimant classes. "Therefore, this memorandum shall serve as notification to the claimant class of Supervisory Engineers its pay parity quasi-legislative hearing will be closed if the required information is not received by February 4, 2011." PECG requested an extension of time to provide the required documentation to February 18, 2011. Broussard-Boyd agreed, but warned that the file would have to be closed without a recommendation to the Director of DPA if no additional information was received. PECG requested a second extension until February 28, 2011. ALJ Broussard-Boyd agreed to extend the deadline to March 4, 2011, but again warned that the file would be closed without a recommendation if no information was received by March 4, 2011. On March 9, 2011, ALJ Broussard-Boyd sent a letter notifying PECG that the pay parity claim had been closed. She added, "As noted in my earlier correspondence, the panel was without the required facts or data to make meaningful comparisons as required by Government Code section 19826(a) to support a pay parity recommendation."

In 2012, the Legislature created CalHR, which succeeded to all the powers and duties exercised by the former DPA. (§ 18502, subd.(a).)

4

# PROCEDURAL HISTORY

On July 31, 2012, plaintiffs filed a petition for writ of mandate and class action complaint for wages against defendants Edmund G. Brown, Jr., as Governor of the State of California, Arnold Schwarzenegger as former Governor of the State of California, Maeley L. Tom as President of CalHR, Debbie Endsley as former Director of the California DPA, Malcolm Dougherty as Director of the California Department of Transportation, Will Kempton as former Director of the California Department of Transportation, Ana Matosantos as former Director of the California Department of Finance, and John Chiang as State Controller of California. Plaintiffs filed an amended petition on October 19, 2012, for writ of mandate, failure to pay wages, breach of contract and declaratory relief.

The petition alleged defendants have authority under section 19826 to establish and adjust salary ranges for each class and position in state service. Section 19826 relies on the principle that like salaries shall be paid for comparable duties. Defendants must ensure horizontal parity for comparable positions in the civil service system. Plaintiffs are in the same civil service classification as rank-and-file engineers who received salary increases and have positions which are sufficiently similar.

The petition additionally alleged that after three years without an administrative decision, plaintiffs were seeking to adjudicate their rights in the trial court because continuing with the administrative process was futile. As a result of PECG's administrative complaint and the administrative proceedings, limitation periods have been tolled since June 24, 2009. The petition sought recovery of the salary increase withheld every year for the past five years, an injunction enjoining defendants from refusing to pay salary increases approved in the 2008 Budget Act, liquidated damages, interest, costs and attorney fees.

The petition alleged common questions of law and fact existed, including whether class members have comparable duties to rank-and-file engineers, whether defendants unlawfully withheld wages in violation of the Government Code, and whether there has

5

been a pay disparity between rank-and-file engineers and plaintiffs beginning July 1, 2008, to the date that judgment is entered.

The petition for writ of mandate alleged defendants have a clear, present, mandatory and ministerial duty to pay plaintiffs equal salaries to rank-and-file engineers with comparable duties. Defendants have no authority to fix salaries which violate section 19826. They violated this mandatory duty by refusing to pay plaintiffs the salaries approved in the State Budget Act. If defendants have discretion, they abused it by acting inconsistently with California law by refusing to pay engineering supervisors the wages to which they were entitled. DPA, the Governor, and the implementing agencies included funding in the 2008 Budget Act for raises of 10.1 percent, the Legislature and the Governor approved the raises as part of the 2008 Budget Act, but plaintiffs have not received the raises. Rank-and-file engineers have received the additional 10.1 percent salary since July 1, 2008. Plaintiffs sought recovery of the salary increase withheld every year for the past five years.

In the cause of action for failure to pay wages, plaintiffs alleged defendants' policy was to refuse to pay the salary increases despite the mandates of section 19826 to pay like salaries for comparable work.

The cause of action for breach of contract alleged defendants promised to pay earned wages, including paying like salaries for comparable work. Defendants breached their employment agreements by failing to pay plaintiffs the salary increases received by rank-and-file engineers, who have comparable duties and responsibilities.

The final cause of action for declaratory and injunctive relief alleged defendants violated and continued to violate section 19826 by refusing to pay plaintiffs like salaries for comparable work. Plaintiffs sought a declaration of their rights with respect to withholding of pay raises.

Plaintiffs asked the court to issue a peremptory writ of mandate ordering defendants to raise the salaries of plaintiffs to correspond with the salary increases paid to the rank-and-file engineers from July 1, 2008 to the date judgment is entered in the case. Plaintiffs also sought an award of unpaid wages equaling 10.1 percent per year of their

6

salaries from July 1, 2008 to the present.  They also requested a declaratory judgment holding defendants violated the mandatory duties imposed under California law, including but not limited to section 19826.

Tom filed a motion to strike on the ground that she is employed by an entity unrelated to the action.  Chiang filed a response to the petition.  The remaining defendants filed demurrers and a request for judicial notice.  Plaintiffs opposed the motion to strike by asserting the complaint would be amended to allege Tom in her representative capacity for the correct entity and a new defendant for the misidentified entity.  They also opposed the demurrers, and the demurring parties filed replies.

A hearing was held on February 7, 2013.  The trial court granted the request for judicial notice, sustained the demurrers without leave to amend and granted the motion to strike without leave to amend. The court entered a judgment of dismissal on February 25, 2013.  Plaintiffs filed a timely notice of appeal from the judgment.[3]

## DISCUSSION

**Standard of Review**

"'A demurrer tests the legal sufficiency of the complaint, . . .' [Citations.]  On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.  [Citation.]  We deem to be true all material facts properly pled [citation] and those facts that may be implied or inferred from those expressly alleged [citation][.]"  (*Montclair Parkowners Ass'n v. City of Montclair* (1999) 76 Cal.App.4th 784, 709.)

"While a decision to sustain or overrule a demurrer is subject to de novo review on appeal, a grant or denial of leave to amend calls for an exercise of discretion on the part

_____

[3] Chiang has not filed a respondent's brief on appeal.

7

of the trial court. [Citation.] Denial of leave to amend is reviewed for abuse of discretion. [Citation.] The trial court abuses its discretion in denying leave to amend only if the plaintiff shows a reasonable possibility of curing any defect by amendment. [Citation.]" (*Montclair Parkowners Ass'n v. City of Montclair*, *supra*, 76 Cal.App.4th at p. 709.)

## Statutory Scheme

"The Legislature created the DPA in 1981 for the purpose of managing the nonmerit aspect of the state's personnel system. [Citation.]" (*Tirapelle v. Davis* (1993) 20 Cal.App.4th 1317, 1322.) "In general, the DPA has jurisdiction over the state's financial relationship with its employees, including matter of salary, layoffs and nondisciplinary demotions. (§§ 19816, 19816.2, 19825, 19826.)" (*Ibid*.)

"[S]etting employee compensation is a legislative function which, in this instance, the Legislature has delegated to the DPA. (*Pacific Legal Foundation v. Brown* [(1981)] 29 Cal.3d [168,] 189.) The DPA can act only to the extent and in a manner consistent with the legislative delegation of authority. And the DPA's exercise of this authority is quasi-legislative (see *Lowe v. California Resources Agency* (1991) 1 Cal.App.4th 1140, 1151-1152), and is thus subject to the ultimate authority of the Legislature to reject or alter such exercise of authority through appropriate legislation." (*Tirapelle v. Davis*, *supra*, 20 Cal.App.4th at p. 1323, fn. 8.)

Section 19826, subdivision (a) provides: "The department shall establish and adjust salary ranges for each class of position in the state civil service subject to any merit limits contained in Article VII of the California Constitution. The salary range shall be based on the principle that like salaries shall be paid for comparable duties and responsibilities. In establishing or changing these ranges, consideration shall be given to the prevailing rates for comparable service in other public employment and in private business. The department shall make no adjustments that require expenditures in excess

8

of existing appropriations that may be used for salary increase purposes.  The department may make a change in salary range retroactive to the date of application of this change.”

When a state agency has statutory authority to fix an employee's salary or compensation paid from state funds, “the salary is subject only to the approval of the department before it becomes effective and payable, except as provided [for certain employees exempt from civil service].  The Legislature may expressly provide that approval of the department is not required.”  (§ 19825, subd. (a).)

“It is well established that public employees have no vested rights to particular levels of compensation and salaries may be modified or reduced by the proper statutory authority.  [Citations.]”  (*Tirapelle v. Davis*, *supra*, 20 Cal.App.4th at pp. 1332-1333.) “‘[The department] may not unilaterally decrease salaries for represented employees.’ [Citation.]”  (*Professional Engineers in Cal. Government v. Schwarzenegger* (2010) 50 Cal.4th 989, 1019.)  However, when the Legislature reduced appropriations for state employee compensation in the 1991 Budget Act without explicitly directing how to implement the reductions, the DPA had authority to reduce the salaries of exempt and nonrepresented employees.  (*Id.* at p. 1023.)

## Government Code Section 19815.8

Plaintiffs contend the payment of compensation approved by CalHR and appropriated by the Legislature is a ministerial act subject to a writ of mandate.  Plaintiffs further contend their action is not subject to the one-year statute of limitations contained in section 19815.8 because it is not related to any law administered by CalHR.  We need not determine whether plaintiffs were entitled to receive the additional compensation appropriated in the 2008 Budget Act, because even assuming they were entitled to it, their action is time-barred by section 19815.8.

Section 19815.8, subdivision (a) provides:  “No action or proceeding shall be brought by any person having or claiming to have a cause of action or complaint or ground for issuance of any complaint or legal remedy for wrongs or grievances based on

9

or related to any law administered by the Department of Human Resources unless the action or proceeding is commenced and served within one year after the cause of action or complaint or ground for issuance of any writ or legal remedy first arose. Such a person shall not be compensated for the time subsequent to the date when the cause or ground arose unless the action or proceeding is filed and served within 90 days after the cause or ground arose. Where an appeal is taken from a decision of the department, the cause of action does not arise until the final decision of the department."

CalHR has the authority to establish and adjust salary ranges under section 19826, subdivision (a). Plaintiffs' claim that they have not received compensation approved by CalHR and allocated in the 2008 Budget Act is related to a law administered by CalHR. Therefore, the one-year statute of limitations provided in section 19815.8 applies. Plaintiffs were required to initiate their action within one year of the date that they failed to receive the additional compensation.

Plaintiffs contend each pay period that they did not receive proper compensation constituted a separate violation triggering a new statute of limitation period. (See *Jones v. Tracy School Dist.* (1980) 27 Cal.3d 99, 105-106.) "[T]he employee can recover only those payments which accrued within the period of the applicable statute of limitations preceding the filing of his complaint. [Citations.]" (*Green v. Obledo* (1981) 29 Cal.3d 126, 215.) The last deficient payment was the final payment under the 2008-2009 budget. There is no allegation that subsequent budget acts allocated and appropriated compensation for pay raises for supervisory engineers. Plaintiffs' complaint in 2012 was filed long after the one-year limitations period ran on deficient payments made under the 2008 Budget Act. The trial court properly found the complaint barred under section 19815.8.

There is no issue of tolling of the statute of limitations. Plaintiffs emphatically state they were not parties to the proceedings before the administrative law judge. They argue that administrative action was not required or taken. Respondents point out that even if the statute of limitations were tolled during the administrative proceedings, it began to run no later than March 9, 2011, when the ALJ notified PECG that the matter

10

was closed. Plaintiffs filed this lawsuit more than one year after the administrative proceedings were closed.

Plaintiffs contend the four-year statute of limitations for actions based upon a written contract applies in this case. However, the gravamen of the action on appeal is CalHR's allocation of compensation appropriated in the 2008 Budget Act. Section 19815.8 expressly applies to claims related to laws administered by CalHR, and plaintiffs have not alleged a written contract between themselves and any party promised to pay them additional compensation.

## DISPOSITION

The judgment is affirmed. Respondents Edmund G. Brown, Jr., Arnold Schwarzenegger, Maeley L. Tom, Debbie Endsley, Malcolm Dougherty, Will Kempton, and Ana Matosantos are awarded their costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

11